**Mary Jane PACIONI, Plaintiff–Appellant,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, aka Unum Provident Life Insurance Company of America; et al., Defendants–Appellees.**

No. 08–15609.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2009.

Filed June 24, 2009.

---

Eric G. Slepian, Esquire, Slepian Law Office, Phoenix, AZ, for Plaintiff–Appellant.

Susan Freeman, Lewis & Roca, LLP, Phoenix, AZ, Brenden J. Griffin, Lewis and Roca, LLP, Tucson, AZ, for Defendants–Appellees.

Before: TROTT, McKEOWN, and IKUTA, Circuit Judges.

## MEMORANDUM *

██ Because UNUM's benefit plan gave discretion to the administrator, the district court did not err in reviewing UNUM's denial of Pacioni's claim for an abuse of discretion. *See Metro. Life Ins. Co. v. Glenn,* —— U.S. ——, 128 S.Ct. 2343, 2348, 171 L.Ed.2d 299 (2008). Because UNUM serves as both the plan administrator and the funding source, the district court correctly concluded that it must weigh the structural conflict of interest as a factor in its abuse of discretion review. *Id.*

██ The district court did not err in determining that there was insufficient evidence in the record "of malice, of self-dealing, or of a parsimonious claims-granting history," *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 968 (9th Cir.2006) (en banc), to warrant heightened skepticism of UNUM's decisionmaking process. Contrary to Pacioni's argument, UNUM did not state that its "primary plan" was to terminate her claim; rather the document at issue states that Pacioni's claim would be denied based on reports from the independent medical examiner and the on-site physician. Further, the record demonstrates that UNUM complied with the procedural requirements outlined at 29 C.F.R. § 2560.503–1(g). Among other steps, UNUM investigated Pacioni's claim, explained why it denied the claim, provided notice of the stages of the process, and informed Pacioni of her right to appeal at the relevant times. The record does not support Pacioni's assertion that the same person who decided her claim also decided the appeal. Nor did the district court err in concluding that the information regarding UNUM's historical practices was not relevant to Pacioni's claim. Thus, even

resolving all factual disputes and inferences in favor of Pacioni, *see Nolan v. Heald College,* 551 F.3d 1148, 1150 (9th Cir.2009), the district court correctly established the requisite "level of skepticism," *Abatie,* 458 F.3d at 968, for its abuse of discretion review.

██ The district court properly concluded that UNUM did not abuse its discretion in denying Pacioni's claim for benefits on the ground that Pacioni did not meet the definition of disabled under the "any occupation" provision of the policy. The record does not support Pacioni's claim that UNUM abused its discretion by relying on Dr. Ladin as its independent medical examiner. Dr. Ladin's testimony that fibromyalgia is a disorder, not a disease, and that various studies show fibromyalgia is subjective, does not establish that he is biased against patients claiming to suffer from fibromyalgia. Instead, the record demonstrates that Dr. Ladin's practice focuses on treating patients with fibromyalgia and similar diseases. Nor is there evidence that UNUM regularly asks Dr. Ladin to examine claimants suffering from fibromyalgia in order to have a basis to deny such disability claims. The record also establishes that Dr. Ladin received all the medical information about Pacioni that UNUM had assembled as of the date of the independent medical examination. Finally, Pacioni's argument that her treating physicians' reports were ignored in favor of Dr. Ladin's report fails in light of the Supreme Court's holding that plan administrators are not required to accord deference to treating physicians. *See Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 832, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003). Accordingly, the district court did

---

\* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

not err in granting UNUM's motion for summary judgment.

 We also reject Pacioni's argument that *Abatie* entitled her to conduct additional discovery of documents relating to UNUM's historical practices. The district court correctly concluded that Pacioni's incentives for conducting discovery were unaltered by that holding. Given that Pacioni had already entered into a discovery agreement, and that Pacioni failed to show how the additional discovery of historical documents would be likely to show "the nature, extent, or effect of a conflict of interest" regarding her particular claim, *Abatie*, 458 F.3d at 970, the district court did not abuse its discretion in denying Pacioni's motion for additional discovery.

**AFFIRMED.**